# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-557V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

KATHLEEN E. PACHASA,

               Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

               Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Katherine E. Oler

Filed: May 31, 2019

Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act.

*Kathleen E. Pachasa*, *pro se*, Avon, OH, for Petitioner.

*Glenn MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On April 15, 2019, Kathleen E. Pachasa ("Petitioner") filed a petition[2] for compensation under the National Vaccine Injury Compensation Program,[3] alleging that she suffered from injuries including a shoulder injury related to vaccine administration (SIRVA) as a result of the pneumococcal conjugate vaccination (Prevnar-13) she received on May 13, 2016. Pet., ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] This petition was initially filed as Vincent E. Pachasa and Christopher M. Pachasa on behalf of Kathleen E. Pachasa and the caption was subsequently amended on motion of Petitioner. Mot. to Am., filed May 9, 2019, ECF No. 12.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

I held a status conference via telephone with the parties on May 17, 2019 to discuss how Petitioner wanted to proceed.  Following the call, Petitioner filed the instant motion to dismiss her claim on May 29, 2019, indicating that "[a]n investigation of the facts and science supporting her case has demonstrated that [Petitioner] will be unable to prove that she is entitled to compensation in the Vaccine Program."  *See* Pet'r's Mot. for a Decision Dismissing her Pet., ECF No. 16.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master