**Corrected**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-557V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KATHLEEN E. PACHASA, | * | TO BE PUBLISHED |
| | * | |
| Petitioner, | * | Special Master Katherine E. Oler |
| | * | |
| v. | * | Filed: September 18, 2020 |
| | * | |
| SECRETARY OF HEALTH AND | * | Attorneys' Fees & Costs; |
| HUMAN SERVICES, | * | Reasonable Basis |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Vincent E. Pachasa*, pro se, Avon OH, for Petitioners.
*Glenn Alexander MacLeod*, U.S. Department of Justice, Washington, D.C., for Respondent.

**RULING ON MOTION FOR FINAL ATTORNEYS' FEES AND COSTS[1]**

On April 15, 2019, Vincent E. Pachasa and Christopher M. Pachasa, acting on behalf of their mother, Ms. Kathleen E. Pachasa ("Petitioner")[2] filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[3] alleging that she

---

[1] This Ruling will be posted on the Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Ruling in its present form will be available. *Id.*

[2] At the time, Christopher and Vincent Pachasa were acting on behalf of their mother. The caption was amended to reflect Ms. Pachasa as the sole Petitioner on May 20, 2019.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

suffered from 1) assault;[4] 2) rotator cuff tear/shoulder injury related to vaccine administration (SIRVA); 3) loss of independence; 4) "crippling weakness"; and 5) cognitive impairment/static dementia as a result of the PCV-13 vaccination she received on May 13, 2016. Pet. at 3, ECF No. 1.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of **$1,337.93** in costs.

I. **Procedural History**

In conjunction with her Petition, Petitioner filed several medical records (Exs. 3-6, 23, 26, 28, 29, 31, 32, 61, ECF No. 2[5]) medical literature (Ex. 3, 7, 11, 12, 20, 26, 30, 34-38, 40, 41, 44-46, 50, 55, 57-60) and affidavits (Exs. 51-52) in this case.

On April 19, 2019, I issued an initial order in this case, ordering Petitioner to file a status report addressing Petitioner's efforts to secure legal representation. ECF No. 6. On May 16, 2019, Vincent Pachasa filed a Notice indicating that Petitioners would proceed pro se in this matter. ECF No. 16.

On May 17, 2019, I held a status conference. *See* Scheduling Order of May 20, 2019, ECF No. 15. At this conference, Vincent Pachasa informed me that they were contemplating dismissal of the Petition. *Id.* at 2. I also explained to Mr. Pachasa that they may be awarded costs in this action regardless of its outcome so long as there was reasonable basis to file the petition and the filing was done in good faith. *Id.* at 3.

Petitioner filed a Motion for a Dismissal Decision on May 29, 2019. ECF No.16. On May 31, 2019, I issued a decision dismissing the Petition for insufficient proof. ECF No. 17.

On January 8, 2020, Petitioner filed the instant motion for attorneys' fees and costs, requesting an unspecified amount in attorneys' fees and $1595.14 in costs. Fees App. at 10, ECF No. 25. Respondent submitted his response on January 22, 2020, stating that it is within the special master's discretion to award Petitioners their costs. Fees Resp. at 2, ECF No. 36. Respondent did not take a position on the issue of reasonable basis. *Id.*

II. **Relevant Medical Record Evidence**

On May 13, 2016, Kathleen Pachasa received the Prevnar-13 vaccination. Ex. 4 at 1. At the time, her medical history included a history of multiple sclerosis, benign essential hypertension, osteoporosis, mitral valve disorders, esophageal reflux, vitamin B12 deficiency, and basal cell carcinoma of the skin. ECF No 2 at 244.

---

[4] Assault is not a covered injury.

[5] Medical records filed at ECF No. 2 were not submitted as exhibits. To the extent these medical records are cited, I have referred to them by the docket page number.

2

On May 18, 2016, Vincent Pachasa[6] placed a phone call to the Cleveland Clinic at 4:02 PM, indicating that Kathleen Pachasa "had increased fatigue/weakness since [appointment]." ECF No. 2 at 258. On the same day, at 7:04 PM, Vincent Pachasa called again to inform Ms. Kimberly Covas that Ms. Pachasa was suffering from "weakness, fatigue and sleeping more on the evening she received the vaccine." *Id.* Ms. Covas further noted that onset of symptoms began "the evening [patient] got the shot." *Id.*

### III.     Legal Standard

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is presumed where a petition for compensation is granted. Where compensation is denied, or a petition is dismissed, as it was in this case, the special master must determine whether the petition was brought in good faith and whether the claim had a reasonable basis. § 15(e)(1).

#### A.  Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

#### B.  Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis

---

[6] While the record indicates that Christopher Pachasa placed the phone call, Petitioners have annotated this record to reflect that Petitioner Vincent Pachasa placed the phone call. Regardless of who placed the call, I am satisfied that it took place.

when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Human Servs.*, No. 2019-1596, 2020 WL 4810095 at *5 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). Objective medical evidence, including medical records, can constitute evidence of causation supporting a reasonable basis. *Cottingham*, 2020 WL 4810095 at *7.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. It is appropriate to analyze reasonable basis through a totality of the circumstances test that focuses on objective evidence. *Cottingham,* 2020 WL 4810095 at *4. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

4

## IV.     Discussion

### A.  Good Faith

Petitioners are entitled to a presumption of good faith. *See Grice*, 36 Fed. Cl. 114 at 121. Respondent has not raised an issue with respect to good faith in this matter. *See* Fees Resp. Based on my own review of the case, I find that Petitioner acted in good faith when filing this petition.

### B.  Reasonable Basis for the Claims in the Petition

The reasonable basis standard is objective and requires Petitioner to submit evidence in support of the petition. The Petition in the case asserts Kathleen Pachasa suffered from 1) assault; 2) rotator cuff tear/shoulder injury related to vaccine administration (SIRVA); 3) loss of independence; 4) "crippling weakness"; and 5) cognitive impairment/static dementia as a result of the PCV-13 vaccination she received on May 13, 2016. Pet. at 3.

The special master's analysis of reasonable basis should center around "an objective evaluation of the relevant medical information that served as the basis for petitioner's claim." *Frantz v. Sec'y of Health & Human Servs.*, 2019 WL 6974431 (Fed. Cl. 2019) (denying motion for review); *Cottingham*, 2020 WL 4810095, at *4 ("Reasonable basis…is an objective test, satisfied through objective evidence.").

As an initial matter, I find no objective evidence in the medical record that Kathleen Pachasa suffered from a SIRVA injury, loss of independence, or dementia as a result of the PCV-13 vaccine she received on May 13, 2016. *See generally*, ECF No. 2. And, as previously noted, assault is not a covered injury under the Vaccine Program.

I find, however, that there is reasonable basis to support the claim that Ms. Pachasa suffered from weakness. Vincent Pachasa called the doctor's office five days after Ms. Pachasa's vaccination to inform the doctor that Ms. Pachasa had been suffering from weakness since administration of the vaccine. ECF No. 2 at 258. This call is specifically referenced in Ms. Pachasa's medical records along with the note, "PATIENT COMPLAINING OF: weakness, fatigue and sleeping more the evening she received the vaccine." *Id.* Petitioners also filed the package insert for the PCV-13 vaccine, which states that "adults have reported…fatigue" as one of the side effects. Ex. 3 at 1. The package insert also indicates that "signs of a severe allergic reaction can include…weakness…within a few minutes to a few hours after the vaccination." *Id.* at 2.

I therefore find, based on the objective evidence in the record, that Petitioner had a reasonable basis to file the petition in this case alleging weakness following the PCV-13 vaccine. *See Cottingham*, 2020 WL 4810095 at *4 (holding that medical records combined with package insert constituted objective evidence).

### C.  Attorneys' Fees

Petitioner has requested an unspecified amount in fees. *See* Fees App. at 10. Under 42

5

U.S.C. § 300aa-15(e)(1) and Vaccine Act case law, it is firmly established that pro se petitioners are not entitled to attorneys' fees. *See Long v. Sec'y of Health & Human Servs.*, No. 94-310V, 1995 WL 1093129, at *1 (Fed. Cl. Spec. Mstr. Oct. 27, 1995) (finding that a non-attorney pro se petitioner was not entitled to attorneys' fees); *see also Kay v. Ehrler*, 499 U.S. 432, 435 (finding that a pro se litigant is not entitled to attorneys' fees for a case brought under 42 U.S.C. § 1988, which contains a fee provision similar to the Vaccine Act's); *Kooi v. Sec'y of Health & Human Servs.*, No. 05-438V, 2007 U.S. Claims LEXIS 509, *6 (Fed Cl. Spec. Mstr. Nov. 21, 2007) (finding a husband is not entitled to attorneys' fees for research and work regarding his wife's petition); *Brauer v. Sec'y of Health & Human Servs.*, 2013 U.S. Claims LEXIS 468 (Fed. Cl. Spec. Mstr. Apr. 29, 2013) (holding that pro se Petitioner was not entitled to be reimbursed for expending her own time in pursuit of her petition). Based on this established case law, I do not award any attorneys' fees to Petitioner.

### D. Petitioner's Costs

Petitioner requests a total of **$1,595.14** in costs, which includes the Court's filing fee, shipping, preparing the petition, office supplies, and miscellaneous expenses. Fees App. at 9. Petitioners have submitted receipts totaling $871.78. *See* Fees App., Exs. 1-8, ECF No. 25 at 17-24. Although Petitioner did not submit a receipt for the filing fee, I note that the Court received the filing fee of $400.00. Receipt number CFC100004611.

Petitioner did not submit receipts for several office expenses and shipping expenses.[7] As noted in Section X of the Guidelines for practice in the Vaccine Program, "before reimbursement of costs is made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided." However, I have made an exemption for the shipping costs associated with the return of the petition and supporting documentation from Ms. Leah Durant to Petitioner. Petitioner has submitted supporting documentation showing that it cost $22.05 to ship each box to Ms. Durant. *See* Fees App., Ex. 2. I therefore will award Petitioner reimbursement for this expense ($22.05 x 3 = $66.15).

I therefor award Petitioner **$1,337.93** in costs.

### V. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$1,337.93** representing reimbursement of Petitioner's costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of

---

[7] *See* Fees App. at 2-5, where Petitioner notes at several junctures that they do "not have the receipt for these expenses."

Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

A copy of this Decision shall be mailed to Petitioner via Federal Express at the following address:

**Kathleen E. Pachasa**
**3286 Beech Lane**
**Avon, OH 44011**

Any questions regarding this Order may be directed to my law clerk, Neil Bhargava, by email at neil_bhargava@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.